IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAREN HARTSTEIN, # 31786-044,

    Petitioner,

vs.                                            Case No. 13-cv-183-DRH

UNITED STATES of AMERICA,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, currently incarcerated in the Federal Prison Camp at Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner seeks an order or in the alternative, a recommendation from this Court to the Bureau of Prisons, that she be temporarily released either to a halfway house or to home detention. As grounds for her request, petitioner explains in an "emergency motion," filed under seal, that an elderly family member is seriously ill, and she believes her presence and assistance will be critical to this person's successful recovery (Sealed Doc. 3, pp. 1, 7-9). This Court granted petitioner's request to seal certain documents (Doc. 2) because they contain references to personal health information regarding this third party.

    The petition was originally filed under seal in the Eastern District of Missouri, where petitioner was convicted and sentenced in 2006 (Doc. 1, pp. 2-3).

She then filed it in this Court, after the Assistant U.S. Attorney suggested that it should have been filed in the district where petitioner is confined (Sealed Doc. 3, p. 5). *See Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007) (a petition filed pursuant to § 2241 "must be filed in the district in which the petitioner is confined rather than in the one in which he was sentenced.").

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]

**Filing Fee**

When this action was filed on February 21, 2013, petitioner neither paid the $5.00 habeas filing fee, nor did she submit a motion for leave to proceed *in forma pauperis* ("IFP"). On February 25, 2013, the Clerk of Court sent a letter to petitioner explaining that her case was opened without the payment of the filing fee and that she was to either pay the fee or file a motion to proceed IFP within 30 days or face dismissal of the case (Doc. 4). A blank motion to proceed IFP form was sent to petitioner along with the letter. Petitioner's 30-day deadline falls on March 27, 2013.

Accordingly, **IT IS HEREBY ORDERED** that petitioner shall either pay the full filing fee of $5.00 for this action or file a motion for leave to proceed IFP, **no later than March 27, 2013.** Payment of the $5.00 filing fee shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249,

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

East St. Louis, Illinois, 62201. At the time payment is made, petitioner's name and the case number assigned to this action shall be clearly identified. Should petitioner fail to comply with this Order, this case shall be dismissed without further notice.

**Disposition**

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within 14 days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present, including any appropriate motions under Rule 11. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

Petitioner is **ADVISED** that in a habeas corpus proceeding, the proper respondent is her custodian; in other words, the warden of the prison where she is confined. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). Therefore, in future documents, petitioner shall substitute the name of the current Greenville warden as the respondent in this action, and the Clerk shall correct the docket sheet accordingly.

Petitioner is further **ADVISED** of her continuing obligation to keep the Clerk (and each opposing party) informed of any change in her whereabouts

during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 27, 2013**

David R. Herndon
2013.02.27
17:28:57 -06'00'

**Chief Judge**
**United States District Court**