IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAREN HARTSTEIN,

        Plaintiff,

                          No.   13-0183-DRH

vs.

JAMES R. CROSS,

        Defendant.

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

      On February 21, 2013, Karen Hartstein, an inmate incarcerated in the Federal Prison Camp at Greenville, Illinois ("Greenville"), filed this habeas corpus action pursuant to 28 U.S.C § 2241 (Doc. 1). Petitioner seeks an order or in the alternative, a recommendation from this Court to the Bureau of Prisons, that she be temporarily released to a halfway house or to home detention. Specifically, in an "emergency motion," Hartstein explained that an elderly family member is seriously ill, and she believes her presence and assistance will be critical to this person's successful recovery (Sealed Doc. 3, pp. 1, 7-9).[1] On February 27, 2013, the Court

---

[1] The Court granted Hartstein's request to seal certain documents as they contain references to personal health information regarding this third party (Doc. 2).

ordered the respondent to answer or otherwise plead within 14 days (Doc. 5). Respondent filed his response on March 14, 2013 (Doc. 10). That same day, the Court received a letter from Hartstein wherein she states that the elderly family passed away on February 22, 2013. Based on the following, the Court dismisses as moot Hartstein's petition.

To remain valid, a petition must present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner, "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004).

Here, Hartstein's petition no longer presents a case or controversy as the elderly family member passed away on February 22, 203. Even if the Court found merit to her petition, the Court can no longer provide Hartstein with any effective relief. Therefore, based upon the Court's inability to provide any other relief, the Court dismisses as moot Hartstein's petition.

Accordingly, the Court **DISMISSES as moot** Hartstein's habeas corpus petition pursuant to 28 U.S.C § 2241(Doc. 1).  Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 18th day of March, 2013.

Digitally signed by David R. Herndon
Date: 2013.03.18 16:44:06 -05'00'

**Chief Judge**
**United States District Court**